# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTOPHER EUBANKS,**

      **Plaintiff,**

v.                                                                     **Civil Action No. 2:09cv126**
                                                                      **(Judge Maxwell)**

**UNITED STATES OF AMERICA,**
**THE FEDERAL BUREAU OF PRISONS**
**AND THE UNITED STATES PROBATION OFFICE**

      **Defendants.**

## REPORT AND RECOMMENDATION

### I. Factual and Procedural History

The *pro se* plaintiff initiated this case pursuant to a civil rights complaint filed on October 22, 2009. On January 8, 2010, he was granted permission to proceed as a pauper. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

### II. The Complaint

According to the complaint, in July of 2006, the plaintiff pleaded guilty to Distribution of Crack Cocaine within 1000 feet of a Protected Area. The plaintiff asserts that due to a calculation error in his criminal history points, he was incorrectly sentenced to 63 months in imprisonment, followed by six years supervised release. The plaintiff contends he first discovered this error on October 30, 2007.

The plaintiff further asserts that the calculation error was made by the United States Probation Office in his presentence investigation report ("PSR") prepared on October 20, 2006. He

brought this error to the attention of the Bureau of Prisons ("BOP") through the Bureau's Administrative Remedy Process on or about June 3, 2008. The plaintiff asserts, however, that the BOP failed to correct the sentencing calculation error. The plaintiff further asserts that repeatedly demanded that the United States, the Probation Office and the BOP correct his sentence. None of those demands have been successful. Thus, the plaintiff contends he has been illegally detained for a period of 12 months.

As a result of the alleged failure to correct his sentence, the plaintiff asserts that the defendants have violated the Privacy Act by failing to maintain accurate records, have violated his Sixth Amendment right to be free from wrongful incarceration, have violated his right to due process and have denied him various opportunities and benefits he might otherwise have qualified for while incarcerated. As relief, the plaintiff seeks compensatory damages in the amount of one million dollars, punitive damages to be determined by a jury, prejudgment interest, costs and such other relief as the court deems proper.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v.

Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## IV. Analysis

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). One reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Since the date of that decision, the Heck holding has been applied to a variety of other constitutional challenges which relate to the fact or duration of confinement. For instance, in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997), the Supreme Court applied the principles in Heck to a challenge to the constitutionality of a prison disciplinary proceeding that resulted in a loss of good time credit. Additionally, in Brown v. Sanders, 1997 WL 103721 (4th Cir. 1997), the Fourth Circuit Court of Appeals, applying Heck, found that a plaintiff could not recover damages

---

[1] Id. at 327.

for a challenge to a parole decision that had not been previously invalidated. Pertinent to this case, several courts have also applied the holding in Heck to a prisoner's challenge to the calculation of his sentence. See Neff v. MCI-H, 2004 WL 1205693 (4th Cir. June 2, 2004) (upholding Heck dismissal of claim that DOC miscalculated the prisoner's release date); Caesar v. BOP, 2008 WL 219614 (D.D.C. Jan. 28, 2008) (Bivens claim for monetary damages based on miscalculated release date is barred if cannot show sentence calculation previously found to be invalid); Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997) (Bivens action challenging calculation of sentence is barred by Heck where plaintiff has failed to show that sentence calculation has been declared invalid).

Here, the plaintiff's sentence calculation has never been invalidated. Therefore, he is barred by Heck from seeking damages for the alleged miscalculation of his sentence and his complaint should be dismissed.

## V. Recommendation

For the reasons stated, the undersigned recommends that the plaintiff's complaint (dckt. 1) be DISMISSED with prejudice from the active docket of this Court pursuant to 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim upon which relief may be granted.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

4

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: January 12, 2010

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE